UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT RAY LOCKE,<br><br>                Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY SHERIFF, VINCE GOLDSMITH, MARY SCOTT, MARK LINDQUIST, and SUSAN SERKO,<br><br>                Defendants. | No. 11-5754 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Upon review of Plaintiff's proposed complaint (ECF No. 1), the Court finds that the complaint is deficient and declines to serve it. Plaintiff is advised and ordered as follows:

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue the "Pierce County Sheriff," the director of the Pierce County Jail Clinic, a nursing supervisor, the Pierce County Prosecutor and a Pierce County Superior Court Judge. ECF No. 1. Plaintiff claims that he was maliciously prosecuted by the

ORDER TO AMEND OR SHOW CAUSE- 2

prosecutor and judge in Pierce County Case No. 11-1-00452-1. He claims that the jury reversed their unanimous finding of "not guilty" based on the Judge's instructions. *Id.* at 3. Plaintiff also claims that he was subjected to approximately 141 days of cruel and unusual punishment at the Pierce County Jail because he was denied medications and a second mattress to alleviate pressure on his back and hips. *Id.* Plaintiff seeks $20,000.00 in "monetary restitution." *Id.* at 4.

A.   **Malicious Prosecution – Claims Against Prosecutor and Judge**

"To maintain an action for malicious prosecution, the plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983).

Plaintiff states that a jury found him guilty in Pierce County Superior Court Case No. 11-1-00452-1. However, he does not allege that the proceedings against him were terminated on the merits in his favor or were abandoned.

In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ORDER TO AMEND OR SHOW CAUSE- 3

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).   State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

It appears that Plaintiff is requesting monetary compensation for his alleged unlawful incarceration based on the malicious prosecution of the prosecutor and state trial judge. However, he fails to allege that the proceedings against him were terminated on the merits in his favor or were abandoned.  Before a prisoner may sue to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff is further advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case

ORDER TO AMEND OR SHOW CAUSE- 4

is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

In addition, judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Plaintiff has failed to state a cognizable claim of malicious prosecution.

**B.  Eighth Amendment – Medical Care**

Plaintiff is advised that to state a claim for denial or insufficient medical care under the Eighth Amendment, he must allege a serious medical need and that defendants were deliberately indifferent to those needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner medical treatment. *Id* at 104-05. To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical

ORDER TO AMEND OR SHOW CAUSE- 5

need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 954 F.2d 1050 (9th Cir. 1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35; *McGuckin*, 954 F.2d at 1059. Second the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. To withstand summary dismissal, a prisoner must not only allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate that the officials were deliberately indifferent to his complaints. *Id.*

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

Thus, Plaintiff must provide factual allegations to describe his claim, including the nature of his condition, which defendant denied him care or provided inappropriate care for his condition, and when this occurred. In this regard, Plaintiff is also advised that under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of

ORDER TO AMEND OR SHOW CAUSE- 6

*respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

To establish liability against Pierce County under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the county has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). The unconstitutional acts of a government agent cannot, standing alone, lead to liability against a county; further, there is no respondeat superior liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A county may only be liable where its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, (1989) (*quoting Monell* at 694); *Ortez v. Washington County*, 88 F.3d 804 (9th Cir.1996).

Based on the foregoing, Plaintiff has failed to state a cognizable Eighth Amendment claim for lack of medical care.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **December 9, 2011.** If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

ORDER TO AMEND OR SHOW CAUSE- 7

3)       the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" in the caption. Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named defendant.

Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **December 9, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **The Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this   10th   day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8