UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RAY LOCKE,

                  Plaintiff,

    v.

PIERCE COUNTY SHERIFF, VINCE GOLDSMITH, MARY SCOTT, MARK LINDQUIST, and SUSAN SERKO,

                  Defendants.

No. C11-5754 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 9, 2012**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 7. The Court reviewed Plaintiff's Complaint (ECF No. 8) and found it to be deficient. The Court ordered Plaintiff to show cause why his complaint should not be dismissed. ECF No. 9. In the alternative, Plaintiff was allowed until December 9, 2011 to file an amended complaint to attempt to cure the deficiencies of his complaint. *Id.*

On November 14, 2011, the Court received a notice of change of address from Plaintiff. ECF No. 10. On November 15, 2011, the Court's Order to Amend or Show Cause (ECF No. 9), which had been mailed to Plaintiff's original address was returned to the Court as undeliverable, marked "not here." ECF No. 11. Plaintiff walked into the courthouse on November 15, 2011 and the Clerk handed him copies of all documents that would have been mailed to him prior to the Notice of Change of Address (ECF No. 10). Plaintiff has not filed an amended complaint or responded to the Court's Order.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

REPORT AND RECOMMENDATION - 2

*Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff purports to sue the "Pierce County Sheriff," the director of the Pierce County Jail Clinic, a nursing supervisor, the Pierce County Prosecutor and a Pierce County Superior Court Judge. ECF No. 8. Plaintiff claims that he was maliciously prosecuted by the prosecutor and judge in Pierce County Case No. 11-1-00452-1. He claims that the jury reversed their unanimous finding of "not guilty" based on the Judge's instructions. *Id.* at 3. Plaintiff also claims that he was subjected to approximately 141 days of cruel and unusual punishment at the Pierce County Jail because he was denied medications and a second mattress to alleviate pressure on his back and hips. *Id.* Plaintiff seeks $20,000.00 in "monetary restitution." *Id.* at 4.

**A.     Malicious Prosecution – Claims Against Prosecutor and Judge**

"To maintain an action for malicious prosecution, the plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983).

Plaintiff states that a jury found him guilty in Pierce County Superior Court Case No. 11-1-00452-1. However, he does not allege that the proceedings against him were terminated on the merits in his favour or were abandoned. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

REPORT AND RECOMMENDATION - 3

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

It appears that Plaintiff is requesting monetary compensation for his alleged unlawful incarceration based on the malicious prosecution of the prosecutor and state trial judge. However, he fails to allege that the proceedings against him were terminated on the merits in his favour or were abandoned. Before a prisoner may sue to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

REPORT AND RECOMMENDATION - 4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff was further advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

In addition, judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Thus, Plaintiff has failed to state a cognizable claim of malicious prosecution.

**B.     Eighth Amendment – Medical Care**

Plaintiff was also advised that to state a claim for denial or insufficient medical care under the Eighth Amendment, he must allege a serious medical need and that defendants were deliberately indifferent to those needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference includes denial, delay or

REPORT AND RECOMMENDATION - 5

intentional interference with a prisoner medical treatment. *Id* at 104-05. To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 954 F.2d 1050 (9th Cir. 1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35; *McGuckin*, 954 F.2d at 1059. Second the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. To withstand summary dismissal, a prisoner must not only allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate that the officials were deliberately indifferent to his complaints. *Id.*

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

Thus, Plaintiff must provide factual allegations to describe his claim, including the nature of his condition, which defendant denied him care or provided inappropriate care for his condition, and when this occurred. In this regard, Plaintiff was also advised that under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a

REPORT AND RECOMMENDATION - 6

State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

To establish liability against Pierce County under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the county has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). The unconstitutional acts of a government agent cannot, standing alone, lead to liability against a county; further, there is no respondeat superior liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A county may only be liable where its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, (1989) (*quoting Monell* at 694); *Ortez v. Washington County*, 88 F.3d 804 (9th Cir.1996).

Based on the foregoing, Plaintiff has failed to state a cognizable Eighth Amendment claim for lack of medical care.

Plaintiff was given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint. He failed to do so. The undersigned recommends that this action be dismissed because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION - 7

**CONCLUSION**

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States. Plaintiff was warned that if he failed to cure the noted deficiencies of his complaint, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 9. Plaintiff has failed to respond to the Court's Order.

Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Accordingly, it is recommended that this case **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2012**, as noted in the caption.

**DATED** this __16th__ day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8